UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES V. REED,

        Plaintiff,

v.

STATE OF WASHINGTON *et al.*,

        Defendants.

Case No. C09-5677BHS/JRC

REPORT AND RECOMMENDATION

**NOTED FOR**:
September 24, 2010

This 42 U.S.C. 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

The only remaining defendant Michael Hughes filed a motion to dismiss on April 22, 2010, the same day this court filed a Report and Recommendation to dismiss all other defendants (Dkt. # 21). Defendant Hughes' motion was not placed on the court's calendar and came to light during a file review. In response to this motion, plaintiff filed an over length brief and seeks summary judgment. This court denied the motion to file an over-length brief. The court now

REPORT AND RECOMMENDATION- 1

recommends that the motion to dismiss be GRANTED in part and DENIED in part without prejudice.

## FACTS

On June 30, 2007, plaintiff was placed in administrative segregation pending investigation that he was threatening another inmate (Dkt. # 4, page 5). The request for placement was made by a Mr. Allen. Mr. Allen was named as a defendant but died prior to service. Mr. Allen was also the disciplinary hearing officer.

An investigation was conducted by defendant Hughes. Plaintiff alleges certain items were taken from his cell by Mr. Hughes including:

1. A Black's Law Dictionary (book)
2. Thesaurus DOC # 932245 (book)
3. Kabbalah DOC # 932245 (book)
4. Secret Wisdom of the Kabbalah DOC # 932245 (book)
5. Cross
6. Chess Board
7. Plastic veterans file case
8. Assorted papers and protective covers.

(Dkt. # 4 page 6).

Plaintiff was also infracted by Mr. Hughes, who asserted that plaintiff was threatening or extorting another inmate, doing legal work for pay, and was in possession of property with altered DOC numbers on it. Mr. Allen, who acted as the hearings officer, found plaintiff guilty only of accepting something of value greater than ten dollars (Dkt. 3 #, page 9). Plaintiff maintains the infraction was later expunged (Dkt. # 4, page 13).

Plaintiff alleges that he attempted through the grievance system to get the property back that was allegedly taken during the cell search. Mr. Hughes denied the grievance on procedural grounds. Plaintiff alleges Mr. Hughes's denied him due process (Dkt. # 4, page 32). Plaintiff

REPORT AND RECOMMENDATION- 2

brings a First Amendment claim and alleges that the failure to return his property is retaliation (Dkt. # 4, page 27).

Defendant Hughes moves to dismiss and argues:

> Defendant Michael Hughes move this Court for dismissal of this action under Fed. R. Civ. P. 12(b) because Plaintiff cannot file an action against a state in federal court and has not plead facts sufficient to support a First Amendment action. In addition, or in the alternative, Defendant Hughes' actions are protected under the doctrine of qualified immunity.

(Dkt. # 21, page 2). Defendant briefs a First Amendment freedom of religion claim, but does not address many of the other claims. (Dkt. # 21, pages 3 and 4).

The complaint is not a model of clarity. Defendant's motion to dismiss is limited in scope and does not address several of plaintiff's claims that were the subject of motions by other defendants. Therefore, the court is constrained to rule on only those issues presented, leaving portions of plaintiff's claims in place.

### **STANDARD OF REVIEW.**

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) provides that a court should dismiss a claim under Fed. R. Civ. P. 12 (b)(6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. 544, 545 (2007) (internal citations

REPORT AND RECOMMENDATION- 3

omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 545. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that: (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

## DISCUSSION

Defendant Hughes does not address plaintiff's First Amendment retaliation claim. Because it was not addressed, the claim survives.

Defendant Hughes' motion to dismiss the religious freedom claim should be GRANTED. To state a claim for a violation of the First Amendment right to religion, plaintiff bears the burden of pleading the actions taken by state officials burdened a sincerely held practice of his faith. Shakur v. Schirio, 514 F.3d 878 (9th Cir. 2008). Plaintiff's complaint fails to meet these requirements.

Defendant also raises the affirmative defense of qualified immunity but does not address the due process requirements for taking property from an inmate. The briefing is inadequate and the court will not rule on this affirmative defense until and unless defendant provides sufficient briefing of this issue.

REPORT AND RECOMMENDATION- 4

## CONCLUSION

The undersigned recommends that the Defendant's Motion to Dismiss be GRANTED IN PART AND DENIED IN PART. The motion to dismiss should be GRANTED AS TO A FIRST AMENDMENT RELIGIOUS CLAIM AND DENIED WITHOUT PREJUDICE AS TO OTHER CLAIMS.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on September 24, 2010 as noted in the caption.

Dated this 25th day of August, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 5