UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES VINCENT REED, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL HUGHES, <br><br> Defendant. | CASE NO. C09-5677BHS <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 85), and Plaintiff Charles Vincent Reed's ("Reed") objections to the R&R (Dkt. 85). The Court has reviewed the R&R, Reed's objections, and the remainder of the file and hereby adopts the R&R for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On October 29, 2009, Reed filed a motion to proceed in forma pauperis (Dkt. 1) and a proposed civil rights complaint (Dkt. 4). On June 29, 2011, Judge Creatura issued an R&R recommending that the Court grant Defendant's motion to dismiss and grant Reed leave to file an amended complaint. Dkt. 79. On August 8, 2011, the Court adopted that R&R. Dkt. 82.

On August 29, 2011, Reed filed an Amended Complaint. Dkt. 84. On November 11, 2011, Judge Creatura issued the instant R&R recommending that the Court dismiss

ORDER - 1

the Amended Complaint for failure to state a claim. Dkt. 85. On December 1, 2011, Reed filed objections. Dkt. 86.

## II. DISCUSSION

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions. *Id.*

In this case, Reed asserts ten causes of action in the Amended Complaint. Judge Creatura found that Reed had failed to plead sufficient factual allegations to support any cause of action. Reed objects to the R&R on multiple grounds. All of the objections are without merit.

First, Reed asserts numerous causes of action based on retaliation. Judge Creatura found that Reed had failed to allege any fact that Defendant Michael Hughes ("Hughes") was aware that Reed was engaged in a protected activity. Dkt. 85 at 3-5. The Court agrees. Although Reed has cited numerous cases for the proposition that retaliation is a valid cause of action, Reed has failed to assert facts in support of his cause of action. Instead, Reed relies on mere labels and conclusions as to the elements of the claims. These causes of action are dismissed.

Second, Reed asserts a cause of action for denial of access to the grievance procedure. Judge Creatura found that this cause of action had been previously dismissed because it is not a cognizable legal theory. Dkt. 85 at 3-4. The Court agrees because Reed does not have a constitutionally protected right to have his appeals accepted or processed. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). This cause of action is dismissed.

Third, Reed asserts a cause of action based on the theory that Hughes set in motion a series of acts by others that resulted in harm to Reed. Judge Creatura found that this

cause of action was based on the theory of respondeat superior, which is not actionable under 42 U.S.C. § 1983. Dkt. 85 at 5-6. Reed objects and asserts that the alleged facts show how Hughes personally participated in causing the harm alleged. Dkt. 86 at 14-15. If Hughes personally participated in the activity, then it would not be a series of acts by others. Reed's objection is without merit. This cause of action is dismissed.

Finally, Reed alleges that Hughes caused Reed's personal property to be destroyed. Judge Creatura found that this cause of action was not based on a cognizable legal theory because Reed's remedy, if any, is to file a claim under the State Tort Claims Act. Dkt. 85 at 6. The Court agrees and this cause of action is dismissed.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

(1) The R&R is **ADOPTED**;

(2) Reed's Amended Complaint is **DISMISSED**;

(3) Reed's in forma pauperis status is **REVOKED**; and

(4) The Clerk is directed to enter judgment for Defendant and close this case.

DATED this 3rd day of January, 2012.

BENJAMIN H. SETTLE
United States District Judge